ACCEPTED
15-24-00097-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/18/2025 3:11 PM
CHRISTOPHER A. PRINE
CLERK

**Appellate Docket Number: 15-24-00097-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/18/2025 3:11:24 PM
CHRISTOPHER A. PRINE
Clerk

In The Court Of Appeals

For The Fifteenth Court Of Appeals District

Austin, Texas

---

Randal Law

Appellant,

v.

Texas Department of Insurance – Division of Workers' Compensation Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer TDI-DWC-SIF

Appellee.

---

ON APPEAL FROM THE 353rd Civil District Court, TRAVIS COUNTY , TEXAS

Civil District Court CAUSE NO . **D-1-GN-24-003462**

---

**Reply Brief of Appellant Randal Law in**

**Conjunction with Initial Brief on the Merits**

Oral Argument Not Requested

Randal Law - *Pro Se*

**Identity of Parties and Counsel:**

**Appellant/Plaintiff**:

Randal Law, 701 E 11th St, Del Rio Tx 78840

Telephone: (830) 768-1556

rlaw9@stx.rr.com

**Appellee/Defendant:**

Texas Department of Insurance – Division of Workers' Compensation - Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer TDI-DWC-SIF

**Defendant/Appellee's Appellate Counsel:**

CANON HILL
State Bar No. 24140247
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1838
Canon.Hill@oag.texas.gov

-----------------------------------------------------------------------------------------------------------------

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................ 3-5

SUMMARY OF THE ARGUMENT .............................................. 7-9

ARGUMENT ...................................................................... 10-31

A.) Texas Labor Code Section 408.161(a), Tex Lab Code  §  408.201
*Supersede*
The New Adopted Rule 28 TAC  §131.5 (Adopted Rule with rebut)
………………………………………………………………………. ..20-31

STANDARD OF REVIEW ...........................……..…….....…………32

CONCLUSION AND PRAYER...........…………....…….…………….33

CERTIFICATE OF COMPLIANCE ...........…...……...………………..34

CERTIFICATE OF  SERVICE.............…….....………………………..35

INDEX OF AUTHORITIES

Supreme Court of Texas ***Chambers-Liberty Cntys. Navigation Dist. v. State,***
575 S.W.3d 339, 344 (Tex. 2019). "The basic justification for this ultra vires
exception to sovereign immunity is that ultra vires acts-or those acts without
authority-should not be considered acts of the state at all. Consequently,
'ultra vires suits do not attempt to exert control over the state-they attempt to
reassert the control of the state' over one of its agents."   …………………15

Supreme Court of Texas ***Van Boven v. Freshour***, S.W.3d-,-2022 WL- (Tex.
June 3, 2022)  "The Board's sovereign immunity from suit as a state agency
extends to its officials who act consistently with the law but not to those who

act ultra vires-that is, "without legal authority or by failing to perform a purely ministerial act." An official acts without legal authority when he "exceeds the bounds of his granted authority or if his acts conflict with the law itself." An official fails to perform a ministerial act when he fails to comply with a law that "prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." An official who acts ultra vires is not acting for the state and not entitled to its immunity."--------------------------------------- 11

Supreme Court of Texas *Hall v. McRaven,* 508 S.W.3d 232, 238 (Tex. 2017) "Plaintiffs who seek to bypass sovereign immunity using an ultra vires claim must plead, and ultimately prove, that the defendant government official "acted without legal authority or failed to perform a ministerial act." Heinrich, 284 S.W.3d at 372. An officer acts without legal authority "if he exceeds the bounds of his granted authority or if his acts conflict with the law itself'-------------------------------------------------------------------------- 12

Supreme Court of Texas *CITY OF EL PASO, et al., Petitioners, v. Lilli M. HEINRICH* 284 S.W.3d 366, 373, 376 (Tex. 2009). "Even if a government entity's immunity has not been waived by the Legislature, a claim may proceed against a government official in his official capacity if the plaintiff successfully alleges that the official is engaging in ultra vires conduct".. 12

Supreme Court of Texas: In *Schroeder v. Escalera Ranch Owners 'Ass 'n, Inc.*, S.W.3d-, (Tex. June 3, 2022) "Governmental immunity protects the State's political subdivisions from suit and liability. The Legislature may waive governmental immunity by statute. .. However, governmental immunity will "not bar a suit against a government officer for acting outside his authority-i.e., an ultra vires suit." "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." "[A] government officer with some discretion to interpret and apply a law may nonetheless act 'without legal authority,' and thus ultra vires, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." ….………… 11-12

STATUTES

• Texas Labor Code Section 408.161(a)…………………..

• SUBCHAPTER K. PROTECTION OF RIGHTS TO BENEFITS, Sec. 408.201.BENEFITS EXEMPT FROM LEGAL PROCESS……

Rules:   Tex. R. App. P. 33.1(a).
28 Tex. Admin. Code § 131.5 (2025)

-------------------------------------------------------------------------------

**Summary of the Argument**

We would establish that the only very severe core issue submitted in front of this 15th Court of Appeals is a question of law that was glanced over by the District Court in a abuse of discretion - rush to judgement.

In that - do the, listed below, Texas State Statutes apply to the Texas Department of Insurance - Division of workers Compensation - Subsequent Injury Fund?
We are of the point of Law view that these Texas State Statutes are an unequivocal/inescapable Texas Legislative Directive aimed directly at the Payer of the Lifetime Income Benefit thus they prescribe and define the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment period.

Jurisdiction is very clearly warranted within Severe Ultra Vires on the behalf of the Appellant to be fairly and reasonably heard by the Texas Judicial Review System.
Furthermore this question of law should have been properly answered by the District Court during the zoom hearing (CR 90-99) and then again under Tex. R. Civ. P. 296-297-298 Finding of Facts and Conclusions of Law as has been establish within Appellants initial brief that has been accepted before this Court. We would respectfully request that this 15th Court of Appeals Please review and grant the motion/request for Finding of Facts and Conclusions of Law or in the alternative this 15th Court of Appeals answer the Question of Law.

The narrow issue brought before this 15th Court of Appeals is to have the Appellees of the Texas Department of Insurance - Division of Workers Compensation - Subsequent Injury Fund to comply with the Law as it has been set out in its directive enactment and intended by the Texas Legislature. Appellees acted with very Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgment and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit. (CR page 10, #18)

**The State of Texas Enacted Legislative Directive Statute:**

**1. Tex. Lab. Code § 408.161**

Section 408.161 - Lifetime Income Benefits
(a) Lifetime income benefits are paid until the death of the employee for:
**(1)** total and permanent loss of sight in both eyes

This Texas State Statute does **not** say:

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits are not paid until and at which time the employee proves monthly, throughout the employees Lifetime, that they are living by means of personal contact for::
**(1)** total and permanent loss of sight in both eyes

**To have a State Administrative Agency along with its Administrators totally omit the State of Texas Enacted Legislative Directive Statute and virtually substitute their own calling it a legislatively mandated duty and Severe Ultra Vires act on it is a blatant disregard and beyond just a usurpation of this Texas Enacted Legislative Directive Statute period.**

This Texas State Statute does **not** say:

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits are paid at the judgment and other action or claim of a Texas State Administrative Agency at any time it deems it necessary for:
**(1)** total and permanent loss of sight in both eyes

**Thus this was made Extremely Clear, Precise and Certain by the Texas State Legislature in Texas State Statute #2 listed below.**

## 2. Tex. Lab. Code § 408.201

Section 408.201 - Benefits Exempt From Legal Process
Benefits are exempt from:

**(1) garnishment;(2) attachment;(3) judgment; and(4) other actions or claims.**

The State of Texas Enacted Legislative Directive Statutes Supersedes any TDI/DWC/SIF State Administrative Construed/Usurped Interpretation of a Texas State Statute and/or State Agency Rule.

In Texas, The Texas State Legislature enacts statutes. State agencies are given rule making authority by The Texas State Legislature. The Texas State Courts interpret the law not the state agency and their respective commissioners, general counsels, administrators.

State agencies are bound to uphold the The Texas State Statutes and not act as though they have the power and ability to conduct the state agency as their own unilateral Texas State Legislature and Texas Judiciary period.

# ARGUMENT

Please be advised that I, Randal Law, am a Pro Se' Catastrophic Injured Worker since 03/04/1998 and I am trying my darnedest to protect my "Life" time Income Benefit. This very serious matter is forever Life changing and extremely stressful and though I try and keep emotion out of the Judicial Proceedings I want to Apologize to this 15th Court of Appeals for my inabilities and experience to engage as an accomplished attorney would. (feel as though I'm a twig to a cannon fight) The only way I know to reply to appellees brief is to approach their judgments and claims individually and label them as Appellees Claim-Appellants Rebut. Again I apologize for my structure, content/format of the briefs that may be a bit out of tune.

Appellees claim in Statement of Facts:

"Beginning in September 2022, DWC, in an effort to ensure only living recipients were being paid LIBs, began calling recipients once a month over the phone before disbursing any funds."

Appellant rebut:

Blaise Gerstenlauer of the SIF began calling, in person, around September 2022 this was the first call and was very cordial mostly asking how everything was going in life and that he was the now SIF administrator.

Approximately 6 months later there was another call with the same content. Then through all of 2023 the cordial calls were 3 - 4 months apart until early 2024 a call was received 8:30am (sleeping) by a female SIF employee, other than by Blaise Gerstenlauer, that asked a long list of questions. After stumbling through answering her questions it was asked how often is this phone calling going to happen and her response was once a month. She was advised that this is going to be a serious issue and the call was ended. The call made this Catastrophic Injured Worker feel as though he was a criminal and an officer just called conducting a criminal checkup and thought what would be next an abused legislatively mandated duty of a property surveillance camera, an abused legislatively mandated duty of a electronic body monitor, an abused legislatively mandated duty of in-home surprise visits, an abused legislatively mandated duty of drug test? (CR 19-22).

The SIF stated in their letter dated

4/3/2024 (CR page 16-17) that they use a very very powerful research tool known as **CLEAR** https://legal.thomsonreuters.com/en/products/clear and we ask **is this not more than enough to verify life** as an addition to their many methods**?.** (CR page 19-20) We would like to remind this Court that we are Catastrophic Injured Workers and should not be treated as though a criminal by <u>non certified office workers</u> having absolutely no Mental and Medical education in dealing with or understanding a Catastrophic Injured Worker and very a many folks also don't take into account that a "lifetime benefit equates to a lifetime of phone calls" under the Appellees plan. Call it what it appears to be and that would be a lifetime sentence of calls period.

All for getting Catastrophically Injured on the Job and proven Legally Blind plus other injuries through absolutely no fault of my own mind you.

The need for truth of record is very important to maintain court integrity.

Furthermore it should be very very gravely concerning to anyone who truly understands the meaning of LIB's along with the Texas State Directive Statutes to then view Appellees claim, "before disbursing any funds", in which Appellees are admitting, as they have done throughout, that they are purposely, and will continue, interrupting/holding hostage any LIB's recipient payment and refuse to comply with the Texas State Statutes.

Surely this Severe Ultra Vires Act conflicts with the Law itself **Texas Labor Code Section 408.161 - Texas Labor Code §  408.201** and thus acted without legal authority and exceeds the bounds of their granted administrative authority!, (CR page 90-92)

Supreme Court of Texas *Van Boven v. Freshour*, S.W.3d-,-2022 WL- (Tex. June 3, 2022) [20-0117] the supreme court made very clear: ***An official fails to perform a ministerial act when he fails to comply with a law that

"prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of **discretion** or **judgment**." An official who acts ultra vires is not acting for the state and not entitled to its immunity. (CR page 90)

Supreme Court of Texas: In *Schroeder v. Escalera Ranch Owners 'Ass 'n, Inc.*, S.W.3d-, (Tex. June 3, 2022) [20- 0855] "Governmental immunity protects the State's political subdivisions from suit and liability. The

Legislature may waive governmental immunity by statute. .. However, governmental immunity will "not bar a suit against a government officer for acting outside his authority-i.e., an ultra vires suit." "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." "A government officer with some discretion to interpret and apply a law may nonetheless act 'without legal authority,' and thus ultra vires, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself."

Supreme Court of Texas *Hall v. McRaven,* 508 S.W.3d 232, 238 (Tex. 2017) (citation omitted and quoting Heinrich, 284 S.W.3d at 372). Plaintiffs who seek to bypass sovereign immunity using an ultra vires claim must plead, and ultimately prove, that the defendant government official "acted without legal authority or failed to perform a ministerial act." Heinrich, 284 S.W.3d at 372. An officer acts without legal authority "if he exceeds the bounds of his granted authority or if his acts conflict with the law itself. (CR page 91)

Supreme Court of Texas *CITY OF EL PASO, et al., Petitioners, v. LilliM. HEINRICH* 284 S.W.3d 366, 373, 376 (Tex. 2009). "Even if a government entity's immunity has not been waived by the Legislature, *a claim may proceed against a government official in his official capacity if the plaintiff successfully alleges that the official is engaging in ultra vires conduct."*

Appellees claim in Statement of Facts:

"Mr. Law filed his Original Petition in Val Verde County, seeking injunctive relief from the district court to restrain DWC and its Employees from discharging their legislatively mandated duty to ensure that Mr. Law was alive before his LIBs were disbursed."

Appellant rebut:

Here AGAIN the Appellees are **abusing** "legislatively mandated duty" as a construed/usurp/guise to interrupt/hold hostage any LIB's recipient payment and refusing to comply with the unequivocal/inescapable Texas State Directive Statutes.   (CR pages 19-22)

Proven in the Summary of the Argument:

The State of Texas Enacted Legislative Directive Statute:

**1. Tex. Lab. Code § 408.161**

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits **are paid until** the death of the employee for: **(1)** total and permanent loss of sight in both eyes

This Texas State Directive Statute Intent does **not** say:

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits **are not paid** until and at which time the employee proves monthly, throughout the employees Lifetime, that they are living by means of personal contact for:

**(1)** total and permanent loss of sight in both eyes

There is clearly an opposite and glaring difference between **"are paid until"** and **"are not paid until"** *!*

**To have a State Administrative Agency along with its Administrators totally omit the State of Texas Enacted**

**Legislative Directive Statute and virtually substitute their own calling it a legislatively mandated duty and then Severe Ultra**

**Vires act on it is a blatant disregard and beyond just a usurp of this Texas Enacted Legislative Directive Statute period.**

This Texas State Statute Intent does **not** say:

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits are paid **at the judgment and other action or claim of a Texas State Administrative Agency** at any time it deems it necessary for:

**(1)** total and permanent loss of sight in both eyes

**Thus this was made Extremely Clear, Precise and Certain by the Texas State Legislature in Texas State Statute #2 listed below.**

## 3. Tex. Lab. Code § 408.201

Section 408.201 - Benefits Exempt From Legal Process

Benefits are exempt from:

**(1) garnishment;(2) attachment;(3) judgment; and(4) other actions or claims.**

The State of Texas Enacted Legislative Directive Statutes Supersedes any TDI/DWC/SIF State Administrative Construed/Usurped Interpretation of a Texas State Statute and/or State Agency Rule.

In Texas, The Texas State Legislature enacts statutes. State agencies are given rule making authority by The Texas State Legislature. The Texas State Courts interpret the law not the state agency and their respective commissioners, general counsels, administrators.

State agencies are bound to uphold the The Texas State Statutes and not act as though they have the power and ability to conduct the state agency as their own unilateral Texas State Legislature and Texas Judiciary period.

Appellees claim in Summary of the Argument:

"Mr. Law's claims are an impermissible attempt to control state action and affirmatively negated the existence of the district court's jurisdiction. For all these reasons, this Court should affirm the district court's grant of the Appellees' Plea to the Jurisdiction."

Appellant rebut:

We are not attempting to control state action at all. The TDI/DWC/SIF fails to comply with a law and acted without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority!,

This is an attempt to reassert the control of the state over its administrators. Therefore this 15th Court of Appeals should surely negate the district court's grant of the Appellees' Plea to the Jurisdiction. Grant Jurisdiction to the Appellant for the stated justifications/supporting authority. (CR page 90-92)

Supreme Court of Texas *Chambers-Liberty Cntys. Navigation Dist. v. State,* 575 S.W.3d 339, 344 (Tex. 2019). "The basic justification for this ultra vires exception to sovereign immunity is that ultra vires acts-or those acts without authority-should not be considered acts of the state at all. Consequently, 'ultra vires suits do not attempt to exert control over the state-they attempt to reassert the control of the state' over one of its agents."

Appellees claim in Argument:

Mr. Law asserts statutory provisions in his Petition as the basis for this suit, but none of them provide valid grounds to maintain a suit against a state agency. See Plaintiff-Appellants' First Am. Pet. at 4-5 ¶¶ 15–16 (citing Tex. Civ. Prac. & Rem. Code § 65.011; Tex. Lab. Code §§ 408.161, 408.201). The statutes cited by Mr. Law create no separate cause of action under the Labor Code to enjoin alleged "bullying" and "harassment" by employees of a state agency.

Appellant rebut:

The Appellees would attempt to distract and sway this Honorable 15th Court of Appeals with their guise claims throughout their actions and submitted brief to this court with a claim such as that.

I the Plaintiff-Appellant brought forth Tex. Civ. Prac. & Rem. Code § 65.011; Tex. Lab. Code § 408.161, 408.201 in our original first amended petition because the letter (CR 16-17) received from Blaise Gerstenlauer said the Lifetime Income Benefit would be interrupted. This sent me the Plaintiff-Appellant into a pure panic mode (Please view CR 37 and CR 5-8)

The Appellees claim throughout their brief similar statements like this:

"Mr. Law asserts statutory provisions in his Petition as the basis for this suit, but none of them provide valid grounds to maintain a suit against a state agency."

I would invite this 15th Court of Appeals to Please view (CR 5-27, 64-72) the "whole petition" CR 5-10 in particular page 9 and I have to Trust this 15th Court of Appeals will deploy keen eyes within Judicial Prudence to gain the truth of the mattter that I the Plaintiff-Appellant was, still are, providing the best valid grounds with what I had and have period.

In the beginning of their Severe Ultra Vires conduct I did not know how to construct a petition or have any iota of what an e-file was at all and the myriad of complications the e-file system has. Then I had to have someone take time out of their busy schedule and transport me and the documents to the Clerks Office and trying to get this accomplished in pure panic mode with little to no proper resources to aide me at all.

I was certain that once I got in front of a Texas State District Court Judge **"on the merits"** and showed them the letter to interrupt the LIB's and then show the controlling Texas State Directive Statutes that my LIB's would continue to be paid as they always were **"over two decades of an Established Equitable grandfathered on the merits - status quo!."**

Still waiting for this to occur because as of yet the Appellees do not want to have the question of law Jurisdictional/Judicially truthfully answered.

I took, and still take Great Offense to this as they were, and still are, trying to Exploit My Disabilities in furtherance their Severe Ultra Vires Conduct!.

The Appelles claim in their statement "bullying" and "harassment" but they purposely omit, as they do blatantly and frequently, "Threaten" irreparable harm which is exactly what the letter did to my "Life"time and Income period!.(LIB's monthly Direct Deposit being one week late had already just recently caused catastrophic financial hardship at that time and another hit at this time would have strangled me) (CR Page 14 top of page)

Appellees claim in Argument:

"Thus, it is clear that the crux of this dispute is that Mr. Law does not like the mechanism DWC and its Employees have utilized to ensure he is still alive before he receives his LIBs."

Appellant rebut:

The Crux and the DWC mechanism *?*

We would respectfully request, with the keen eyes and mind of the 15th Court of Appeals, to apply Appellants Summary of Argument- this time denoting {Crux} and {DWC mechanism}.

**The State of Texas Enacted Legislative Directive Statute:**

### 1. Tex. Lab. Code § 408.161

Section 408.161 - Lifetime Income Benefits {Crux}
**(a)** Lifetime income benefits **<u>are</u> paid** until the death of the employee for: **(1)** total and permanent loss of sight in both eyes

This Texas State Statute Intent does **not** say: {DWC mechanism}

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits **<u>are not</u> paid** until and at which time the employee proves monthly, throughout the employees Lifetime, that they are alive by means of personal contact for:
**(1)** total and permanent loss of sight in both eyes

There is clearly an opposite and glaring difference between **"are" and "are not"** and the added intent Appellees have rule forced into 408.161 compared to the legislative intent.

A Texas Administrative Agency adoption of a rule cannot convert the State of Texas Legislative Enactment of a Directive Statute Period *!* {DWC mechanism}

**To have a State Administrative Agency along with its Administrators totally omit the State of Texas Enacted Legislative Directive Statute and virtually substitute their own through abusing a legislatively mandated duty and then Severe Ultra Vires act on it is a blatant disregard and beyond just a usurp of this Texas Enacted Legislative Directive Statute period.**

This Texas State Statute does **not** say: {DWC mechanism}

Section 408.161 - Lifetime Income Benefits

**(a)** Lifetime income benefits are paid at the **judgment** and **other action** or **claim** of a Texas State Administrative Agency at any time it deems it necessary for:
**(1)** total and permanent loss of sight in both eyes

**Thus this was made Extremely Clear, Precise and Certain by the Texas State Legislature in Texas State Statute #2 listed below.**

## 4. Tex. Lab. Code § 408.201

Section 408.201 - Benefits Exempt From Legal Process  {Crux}

Benefits are exempt from:

**(1) garnishment;(2) attachment;(3) judgment; and(4) other actions or claims.**

The State of Texas Enacted Legislative Directive Statutes Supersedes any TDI/DWC/SIF State Administrative Construed/Usurped Interpretation of a Texas State Statute and/or State Agency Rule.  {Crux}

  In Texas, The Texas State Legislature enacts statutes. State agencies are given rule making authority by The Texas State Legislature. The Texas State Courts interpret the law not the state agency and their respective commissioners, general counsels, administrators.  {Crux}

State agencies are bound to uphold the The Texas State Statutes.  {Crux}

  Not act as though they have the power and ability to conduct the state agency as their own unilateral Texas State Legislature and Texas Judiciary period.    {DWC mechanism}

Yes! it is true Mr. Law does not like the mechanism DWC and its Employees have utilized because the Appellees acted with very Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim and a Texas Administrative Agency adoption of a rule cannot convert the State of Texas Legislative Enactment of a Directive Statute Period *!*

Thus Jurisdiction should be Ordered and Granted on behalf of the Appellant to be reasonably and fairly heard .

Note: **28 TAC §131.5.** was constructed and adopted after this case **15-24-00097-CV and D-1-GN-24-003462** was filed and during this pending litigation. Plaintiff-Appellant had no knowledge of and was not notified of the New Rule existence until it was used as a defense in Appellees Brief - (page 12 content/footnote)

The Extreme Effrontery to absolutely transform an unequivocal/inescapable Texas State Legislative Directive Statute Intent of **"are paid until death"** and usurp/severe ultra vires it to an administrative mandated abuse of **"are not paid until…"** is a direct arbitrary and capricious undermining and thumbing of the nose at the Texas State Legislature and the Texas State Judiciary period!

The Extreme Effrontery to absolutely and unlawfully transform:

The long established Legislative Legal definition and Intent of a Lifetime Income Benefit and the recipient of the Lifetime Income Benefit long known and affirmed/established as a Catastrophic Injured Worker and *for good reason.*

The New Rule 131.5 has effectively subjugated and completely thrown out the long affirmed/established respectable, reasonable and fair legal definitions/terms/intent and substituted its own completely arbitrary and capricious definitions/terms/intent. The New Rule 131.5 capricious construction and arbitrary language is beyond Extremely Offensive and a down right demeaning, degrading, undermining, and unlawful thumbing of the nose at any truthful meaning and interpretation of reasonableness, respect, fairness, ethics, and morals. The New Rule should be abolished in its entirety and those individuals, in their official capacity, of its construction and adoption be held accountable period!. (CR Page 8)

We would point out now in regard to the New Rule **28 TAC §131.5** that we would respectfully request the 15th Court of Appeals to please forgive and understand the Appellants use of a Respectable Texas Hunting Ranch analogy of "aiming for-skinning-gutting-and quartering/dressing for public consumption" phrase as it is the best description available to bring to the forefront of what the TDI-DWC-SIF Administrative Agency has done to the Texas State Directive Statutes and Lifetime Income Benefit and Recipient via a Rule/Judgment and claim under an abuse of Legislative Mandated Duty.

I digress and you be the Honorable Justices as you cast keen eyes and mind of Judicial Prudence in contemplating the New Rule.

(A.)

TITLE 28. INSURANCE

Adopted Section
Part 2. Texas Department of Insurance,                                    Page 1 of 6
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

## SUBCHAPTER A. GENERAL PROVISIONS.
## 28 TAC §131.5.

**INTRODUCTION.** The Texas Department of Insurance, Division of Workers' Compensation (DWC) adopts new 28 TAC §131.5, concerning verification by the Subsequent Injury Fund (SIF).

New §131.5 is adopted with changes to the proposed text published in the September 27, 2024, issue of the *Texas Register* (49 TexReg 7837). Section 131.5 will be republished. In response to comments, DWC replaced the terms "lifetime income benefits recipient" and "recipient" with "injured employee" to be consistent with other income benefit rules, and added a sentence to clarify that, if the injured employee is unable to provide the required information, the SIF will hold any pending benefit payments until verification is complete.

**{Here the Appellees have completely aimed at, skinned and gutted Tex. Lab. Code § 408.161 and Tex. Lab. Code § 408.201. as well as degraded/insulted and demeaned the Catastrophic Injured Worker as was brought forth on page 20 above in this reply brief.**
**(_PLEASE_! View CR 19-20, #1. that is now proven here by arbitrary Appellees)**
**I digress -This would be the equivalent of a new appellate rule saying the 15th Court of Appeals Honorable Justices will now be known as and referred to as just a Court Participant}**

**REASONED JUSTIFICATION.** The new section requires the SIF to verify that the lifetime income benefits (LIBs) recipient (injured employee) is living, receiving LIBs payments, and their contact information has not changed. The new section also requires the injured employee to certify the information with the SIF each month over a telephone call, video call, or other online verification system to receive the LIBs payment from the SIF. It clarifies that the SIF will hold any pending benefit payments until the injured employee verifies the information in subsection (a). New §131.5 is necessary to implement Labor Code §§408.081, 408.161, and 408.162.

{DWC mechanism quote - "The new section requires the SIF to verify that the *lifetime income benefits (LIBs) recipient (injured employee)…"* -

We are certain that this 15th Court of Appeals can detect the nonsensical in that statement by the arbitrary Appellees after they just obliterated the use of the name of Lifetime Income Benefit and Recipient in their first paragraph above in their INTRODUCTION.}

{DWC mechanism quote - "is living, receiving LIBs payments, and their contact information has not changed."

This is exactly what CLEAR https://legal.thomsonreuters.com/en/products/clear does and much much more. As was pointed out on top of page 11 in this reply brief and 4/3/2024 (CR page 16-17, 19)}

{DWC mechanism quote - "or other online verification system."

Clearly the Appellees should continue to use their CLEAR program. Thus one of very many reasons this new rule 131.5  and its unlawful arbitrary transformation, subjugation and usurping should be totally abolished.}


{DWC mechanism quote - "New §131.5 is necessary to implement Labor Code §§408.081, 408.161, and 408.162."

> We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5  is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.

> A Texas Administrative Agency arbitrary adoption of a rule cannot convert the State of Texas  Legislative Enactment of a Directive Statute Period *!*

> Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" on the merits LIB's (CR page 10, #18) .}

Labor Code §§408.081 and 408.161 pertain to when and how injured employees receive LIBs and require that LIBs are payable only while the injured employee is alive. New §131.5 is necessary to implement those sections effectively by ensuring that DWC is notified of the injured employee's death before the SIF issues a LIBs payment to that injured employee.

{**DWC mechanism quote –** "implement those sections effectively by ensuring that DWC is notified of the injured employee's death before the SIF issues a LIBs payment"

**There is clearly an opposite and glaring difference between "<u>are</u> <u>paid</u> <u>until</u>" and "are not paid until" –**

> **Here the Appellees have effectively transformed and very crafty aimed for and skinned, gutted,and quartered/dressed for public consumption a unequivocal/inescapable Texas Legislative Directive Statute 408.161.**
>
> **A Texas Administrative Agency adoption of a rule cannot convert the State of Texas  Legislative Enactment of a Directive Statute Period <u>!</u>**

**{We demand Tex. Lab. Code  §  408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5  is they have absolutely effectively transformed and *subjugated* 408.161 <u>NOT implemented</u>.**
**Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit …………………………………………(CR page  10, #18) .}**

Labor Code §408.162 applies when an injury combines with a subsequent injury to qualify an injured employee for LIBs. In these situations, the insurance carrier for the subsequent injury pays benefits for the subsequent injury as if the previous injury did not happen, and the SIF pays the difference between the LIBs and the amount the insurance carrier pays for the subsequent injury. New §131.5 is necessary for DWC to verify that the injured employee is still alive, preventing the waste of public funds when the SIF makes these payments to the injured employee.

**{We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5 is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.**

**Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit ……………………………………………(CR page 10, #18) .}**

## SUMMARY OF COMMENTS AND AGENCY RESPONSE.

**Commenters:** DWC received two written comments, and no oral comments. The Office of Injured Employee Counsel (OIEC) requested several clarifications. Texas Mutal Insurance Company (TMIC) commented in support of the proposal with changes.

**Comment.** OIEC asked DWC to clarify that any income payments withheld because a recipient failed to verify the required information will only be placed on hold and released to the recipient once verification is made.

**Agency Response to Comment.** DWC appreciates the comment. Under §131.5, the SIF will release the withheld payments when the recipient provides the information required by subsection (a). In addition, DWC has added a sentence to subsection (b) to clarify that any benefits that are on a temporary hold will be released once verification is complete.

**{We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5 is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.**

**Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit ……………………………………………(CR page 10, #18) .}**

TITLE 28. INSURANCE
Part 2. Texas Department of Insurance,
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

Adopted Section
Page 2 of 6

**Comment.** OIEC asked DWC to clarify that DWC will continue to make monthly outreach to injured employees and that the intent of the rule is not to shift the burden to the injured employees.

**Agency Response to Comment.** DWC appreciates the comment. The SIF will attempt to contact the injured employee before the SIF makes each payment. The injured employee must provide the information required by subsection (a) to the SIF.

**{DWC mechanism quote - "shift the burden to the injured employees - before the SIF makes each payment"**

**Burden does not even begin to describe what irreparable harm this new rule 131.5 can induce in regard to a "Catastrophic" Injured Worker!**

**FACT !!! - This Catastrophic Injured Worker thought that a Automatic Bill Pay feature was a blessing due to Closed Head Injury resulting in forgetfulness.**

**This banking feature proved beneficial for a very long time until the SIF was one week late with the LIB's direct monthly deposit that took place not long after the new SIF administrator began duty. The late LIB's resulted in a snowball effect of inefficient funds fees, late fees, other fees/fines that eventually forced this Catastrophic Injured Worker to file for bankruptcy and credit score going from 712 to as of this day a 506. So PLEASE do not burden a Catastrophic Injured Worker with a unlawful withholding of the LIB's period. (CR Page 14 top of page) }**

> **{We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5 is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.**
>
> **Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit …………………………………………(CR page 10, #18) .}**

**Comment.** OIEC asked DWC to clarify that an authorized representative is permitted to verify the information.

**Agency Response to Comment.** DWC appreciates the comment. A representative, as defined by Labor Code §401.011 and 28 TAC §150.3, can verify the information required by this rule. A representative that fails to comply with the Labor Code or a DWC rule may be subject to sanctions as provided by law.

**Comment.** TMIC expressed concern that the proposed rule does not provide for notice to the insurance carrier that the injured employee has not provided the required verification, because the insurance carrier may also be making payments to an injured employee under §131.3. TMIC recommended that the proposed rule be revised to provide sufficient written notice to the injured employee and the insurance carrier if the SIF suspends or later reinstates LIBs.

**Agency Response to Comment.** DWC appreciates the comment but declines to make the change. DWC's practice is to communicate with the insurance carrier only if the insurance carrier is paying a portion of the LIBs.

> **{We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5 is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.**
>
> **Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit ...................................................(CR page 10, #18) .}**

TITLE 28. INSURANCE
Part 2. Texas Department of Insurance,
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

Adopted Section
Page 3 of 6

**Comment.** TMIC recommended that DWC consider providing a clear process in the rule to suspend or reinstate benefits if verification is later completed or the injured employee becomes entitled to LIBs again under the provisions of Labor Code §408.1615.

**Agency Response to Comment.** DWC appreciates the comment and has added a sentence to the rule to clarify that any LIBs payments that were left pending due to the injured employee not completing the required verification will be issued once the verification is complete.

**Comment.** TMIC recommended that the proposal be revised to replace the term "lifetime income benefit recipients" with "injured employees."

**Agency Response to Comment.** DWC appreciates the comment and has replaced the terms "lifetime income benefit recipient" and "recipient" with "injured employee" to be consistent with other income benefit rules.

**{DWC mechanism quote –** replaced the terms "lifetime income benefit recipient" and "recipient" with "injured employee"

**I digress, the words this Appellant - Catastrophic Injured Worker has at this particular moment for such arbitrary language as demonstrated here now by Appellees and *throughout* the construed content of the New Rule 131.5 would not be suitable, but true, to this Honorable 15th Court of Appeals Justices.**

**(*PLEASE*! View CR 19-20, #1. that is now proven here by arbitrary Appellees)**

**"may be just a precursor of a very much larger scheme to eventually eliminate the LIBS recipient altogether through the slow collective manipulation of Texas State statutes/rules and your proven usurping of the Texas State statutes and rules"**

**We therefore defer back to the statement in this reply brief located on page 20 paragraph 4.**

**The New Rule 131.5 has effectively subjugated and completely thrown out the long affirmed/established respectable, reasonable and fair legal definitions/terms/intent and substituted its own completely arbitrary and capricious definitions/terms/intent.**

**The New Rule 131.5 capricious construction and arbitrary language is beyond Extremely Offensive and a down right demeaning, degrading, undermining, and unlawful thumbing of the nose at any truthful meaning and interpretation of reasonableness, respect, fairness, ethics, and morals. The New Rule should be abolished in its entirety and those individuals, in their official capacity, of its construction and adoption be held accountable period!. (CR Page 8)**

TITLE 28. INSURANCE
Part 2. Texas Department of Insurance,
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

Adopted Section
Page 4 of 6

## SUBCHAPTER A. GENERAL PROVISIONS.

## 28 TAC §131.5.

**STATUTORY AUTHORITY.** The commissioner of workers' compensation adopts new 28 TAC §131.5 under Labor Code §§402.00111, 402.00116, 402.00128, 402.021, 402.061, 408.081, 408.161, and 408.162.

Labor Code §402.00111 provides that the commissioner of workers' compensation shall exercise all executive authority, including rulemaking authority under Title 5 of the Labor Code.

Labor Code §402.00116 provides that the commissioner of workers' compensation shall administer and enforce this title, other workers' compensation laws of this state, and other laws granting jurisdiction to or applicable to DWC or the commissioner.

Labor Code §402.00128(b)(12) provides that the commissioner may exercise other powers and perform other duties as necessary to implement and enforce the Workers' Compensation Act.

Labor Code §402.021(b)(3) provides that the workers' compensation system must provide appropriate income benefits and medical benefits in a manner that is timely and cost-effective.

Labor Code §402.061 provides that the commissioner of workers' compensation shall adopt rules as necessary to implement and enforce the Texas Workers' Compensation Act.

**{(CR pages 19-23 covers Appellant Response to the statutes listed here)}**

TITLE 28. INSURANCE
Part 2. Texas Department of Insurance,
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

Adopted Section
Page 5 of 6

Labor Code §408.081(d) provides that an employee's entitlement to LIBs ends on the death of the employee.

Labor Code §408.161(a) provides that LIBs are paid until the death of the employee.

Labor Code §408.162(a) provides that, when an injury combines with a subsequent injury to qualify an injured employee for LIBs, the insurance carrier for the subsequent injury pays benefits for the subsequent injury as if the previous injury did not happen. Section 408.162(b) requires the SIF to pay the difference between the amount of LIBs and the amount the insurance carrier pays for the subsequent injury.

**TEXT.**

**§131.5. Verification by the Subsequent Injury Fund.**

(a) The Subsequent Injury Fund must confirm the following information before making a payment to the injured employee:

(1) the injured employee is living;

(2) lifetime income benefits are being received; and

(3) the injured employee's contact information is correct.

(b) The injured employee must provide the information required by subsection (a)(1) - (3) to the Subsequent Injury Fund each month over a telephone call, video call, or other online verification system to receive the lifetime income benefit payment from the Subsequent Injury Fund. If the injured employee is unable to provide the information, the Subsequent Injury Fund will hold any pending payments until verification is complete.

**{We demand Tex. Lab. Code § 408.161 is and always has been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with this new rule 131.5 is they have absolutely effectively transformed and *subjugated* 408.161 NOT implemented.**

**Thus act Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgement and claim to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit ……………………………………………(CR page 10, #18) .}**

TITLE 28. INSURANCE
Part 2. Texas Department of Insurance,
Division of Workers' Compensation
Chapter 131. Benefits--Lifetime Income Benefits

Adopted Section
Page 6 of 6

**CERTIFICATION.** The agency certifies that legal counsel has reviewed the adoption and found it to be a valid exercise of the agency's legal authority.

Issued at Austin, Texas, on January 29, 2025.

Kara Mace
General Counsel
TDI, Division of Workers' Compensation

The commissioner adopts new 28 TAC §131.5.

Jeff Nelson
Commissioner
TDI, Division of Workers' Compensation

Commissioner's Order No. 2025-9108

## A. Standard of Review

Addressing this very Severe Issue may require interpretation of Labor Code, Chapter 408. Workers' Compensation Benefits which occurs under a de novo standard of review. Otherwise this is an abuse of discretion/rush to judgement review.
A district court abuses its discretion in a rush to judgement by erroneously interpreting a law or by resting its decision on an inaccurate view of the law.

\* Plaintiff Randal Law would respectfully request that this Honorable Fifteenth Court Of Appeals to please be mindful during this very crucial appellate review application process that Plaintiff Randal Law is a pro se Catastrophic Injured Worker receiving a Lifetime Income Benefit (LIBs) from the Subsequent Injury Fund (SIF). The LIBs from the SIF are not very well known at all or understood by Many involved within the Texas Judicial Review System due to the very low number of active LIBs cases at the SIF (*the actual number of active LIB's cases was respectfully requested and denied*). This very low number of active LIBs at the SIF therefore has resulted in next to no case history or precedent that we can find and therefore found this case **reliant on other Similarly Ultra Vires cases and Supreme Court Decisions**.

\*Appellant Randal Law being with catastrophic disabilities is trying to protect his LIBs with whats available and would ask this court at what point does a Catastrophic Injured Workers disabilities for a proper defense against a Severe Ultra Vires Act become unfair, unreasonable or God Forbid unattainable**?**.

## CONCLUSION AND PRAYER

We demand Tex. Labor Code § 408.161 in conjunction with Tex. Labor Code § 408.201 are and always have been an unequivocal/inescapable Texas Legislative Directive Statute aimed directly at the Payer of the Lifetime Income Benefit period. What the Appellees have done with the new rule 28 TAC §131.5 is they have absolutely effectively transformed and *subjugated* Tex. Labor Code § 408.161- Tex. Labor Code § 408.201 NOT implemented.

The New Rule 131.5 has effectively subjugated and completely thrown out the long affirmed/established respectable, reasonable and fair legal definitions/terms/intent and substituted its own completely arbitrary and capricious definitions/terms/intent.

The New Rule 131.5 capricious construction and arbitrary language is beyond Extremely Offensive and a down right demeaning, degrading, undermining, and unlawful thumbing of the nose at any truthful meaning and interpretation of reasonableness, respect, fairness, ethics, and morals. The New Rule should be abolished in its entirety and those individuals, in their official capacity, of its construction and adoption be held accountable period!. (CR Page 8)

A Texas Administrative Agency's arbitrary adoption of a rule must not and cannot be allowed to subjugate and convert the State of Texas Legislative Enactment of a Directive Statute Period *!*

Thus the Appellees acted Severe Ultra Vires conduct in their official capacity and without legal authority and their acts conflict with the law itself and exceeds the bounds of their granted administrative authority in making an egregious judgment and claim and/or other action to interrupt an over two decades long history of an "Established Equitable" grandfathered on the merits Lifetime Income Benefit (CR page 10, #18).

Therefore, this Court should set the lower court's judgement aside and render a Plaintiff has Jurisdiction judgement and have it answered the questions of Law in all reasonableness and fairness to a Catastrophic Injured Worker and Lifetime Income Benefit Recipient to be heard on an over two decades long established equitable grandfathered *On The Merits*.

Respectfully submitted,
/s/ *Randal Law*
Randal Law. Plaintiff
701 E. 11th St.
Del Rio, Texas 78840
(830)-768-1556
Rlaw9@stx.rr.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of
Appellate Procedure 9.4(i)(3), and the word count of this document is 8,498 words including all portions that are not exempted by the rule. The word processing software used to prepare this filing and calculate the word count of the document is WPS Office.

/s/ *Randal Law*
Randal Law. Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record shown below by e-service and/or e-mail in accordance with the Texas Rules of Civil Procedure on April 18, 2025.

        CANON HILL
        State Bar No. 24140247
        Assistant Attorney General
        Administrative Law Division
        OFFICE OF THE ATTORNEY GENERAL OF TEXAS
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Telephone: (512) 936-1838
        Canon.Hill@oag.texas.gov

/s/ *Randal Law*

Randal Law. Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99845483
Filing Code Description: Other Brief
Filing Description: Reply Brief of Appellant Randal Law in Conjunction with Initial Brief on the Merits
Status as of 4/18/2025 3:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paul Pruneda | | paul.pruneda@oag.texas.gov | 4/18/2025 3:11:24 PM | SENT |
| Randal Law | | rlaw9@stx.rr.com | 4/18/2025 3:11:24 PM | SENT |
| Canon ParkerHill | | canon.hill@oag.texas.gov | 4/18/2025 3:11:24 PM | SENT |
| Canon Hill | | Canon.Hill@oag.texas.gov | 4/18/2025 3:11:24 PM | SENT |